**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| KATRINA DAVIS, *on behalf of herself,*<br>*FLSA Collective Plaintiffs, and the Class,* | Case No.: |
| Plaintiff, | **CLASS AND COLLECTIVE**<br>**ACTION COMPLAINT** |
| v. | Jury Trial Demanded |
| 82 COURT STREET CORP.<br>    d/b/a MCDONALD'S,<br>420 FULTON RESTAURANT CORP.<br>    d/b/a MCDONALD'S,<br>JOHN DOE RESTAURANTS 1-50, and<br>RICHARD G. LAROSE, | |
| Defendants. | |

---

Plaintiff KATRINA DAVIS ("Plaintiff" or Plaintiff DAVIS"), on behalf of herself and all others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants 82 COURT STREET CORP. d/b/a MCDONALD'S, 420 FULTON RESTAURANT CORP. d/b/a MCDONALD'S, JOHN DOE RESTAURANTS 1-50 (the "Corporate Defendants") and RICHARD G. LAROSE (the "Individual Defendant," and together with Corporate Defendants, "Defendants"), states as follows:

## INTRODUCTION

1.    Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C.

§§201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) liquidated damages; and (3) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) statutory penalties; (3) liquidated damages; and (4) attorneys' fees and costs.

3.     Plaintiff further alleges that Defendants discriminated against her on the basis of her race in violation of New York State Human Rights Law, New York Executive Law § 296 *et seq.* ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL") and brings this action against Defendants to recover: (1) back pay; (2) front pay; (3) compensatory damages; (4) punitive damages; and (5) attorneys' fees and costs.

## JURISDICTION, AND VENUE

4.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.     Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

6.     Plaintiff KATRINA DAVIS is a resident of Kings County, New York.

7.     Defendants own several McDonald's franchises in New York State, including the franchise where Plaintiff was employed, and at any given time employed at least one hundred (100) employees during the past five (5) years.

8.      Corporate Defendants 82 COURT STREET CORP. d/b/a MCDONALD'S, KING, 420 FULTON RESTAURANT CORP. d/b/a MCDONALD'S, and JOHN DOE RESTAURANTS 1-50 (collectively, the "Restaurants") operate as a single integrated enterprise and Defendants implemented the same employment policies at all of the Restaurants. All Corporate Defendants are owned and operated by Individual Defendant RICHARD G. LAROSE.

9.      Corporate Defendant 82 COURT STREET CORP. d/b/a MCDONALD'S, is a domestic business corporation organized under the laws of the State of New York with an address for service of process at c/o Richard G. Larose, 16 Hampton Street, Cranford, NJ, 07016, and a principal place of business at 82 Court Street, Brooklyn, New York 11201.

10.     Corporate Defendant 420 FULTON RESTAURANT CORP. d/b/a MCDONALD'S, is a domestic business corporation organized under the laws of the State of New York with an address for service of process at c/o Richard G. Larose, 16 Hampton Street, Cranford, NJ, 07016, and a principal place of business at 420 Fulton Street, Brooklyn, New York 11201.

11.     Upon information and belief, Defendants JOHN DOE RESTAURANTS 1-50 are individual corporations operating McDonalds throughout New York. JOHN DOE RESTAURANTS 1-50 are direct subsidiaries and/or have their operations controlled by Defendants. Defendants exercise control over the employment terms and conditions of those working for Defendants JOHN DOE RESTAURANTS 1-50. Defendants have and exercise the power and authority to determine the rate and method of pay, determine work schedules, maintain employment records, and otherwise affect the quality of employment of employees of JOHN DOE RESTAURANTS 1-50. Defendants exercise functional control over the business and operations of all JOHN DOE RESTAURANTS 1-50 and have authority over all employee-related decisions including payroll, personnel, and wage and hour policies concerning employees. While each

individual office comprising JOHN DOE RESTAURANTS 1-50 is ultimately owned by separate corporations, Defendants operate their business and offices as a single integrated enterprise.

12.     Individual Defendant RICHARD G. LAROSE is the Chief Executive Officer and owner/partner of Corporate Defendants. Individual Defendant RICHARD G. LAROSE exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class members. Individual Defendant RICHARD G. LAROSE had and exercised the power and authority to: (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class members. At all times, employees could complain to Individual Defendant RICHARD G. LAROSE regarding any of the terms of their employment, and Individual Defendant RICHARD G. LAROSE would have the authority to effect any changes to the quality and terms of their employment. Individual Defendant RICHARD G. LAROSE ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendants. Individual Defendant RICHARD G. LAROSE had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members and could reprimand employees.

13.     At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

14.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members were directly essential to the businesses operated by Defendants.

15.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including, but not limited to cashiers, cooks, and food preparers among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime, due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

18.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19.     Plaintiff  bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including, but not limited to cashiers, cooks, and food preparers among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein

(the "Class Period").

20.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

22.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants (i) failing to pay proper wages, including overtime, due to time shaving; (ii) failing to provide wage notices to Class members, at the date of hiring and annually, per requirements of the NYLL; and (iii) failing to provide proper wage statements per requirements of the NYLL.

23.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no

interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

25.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26.    Defendants and other employers throughout the state violate the NYLL. Current

employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)  Whether Defendants employed Plaintiff and Class members within the meaning of the NYLL;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and Class members;

c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work;

d)  Whether Defendants properly notified Plaintiff and Class members of their hourly rates and overtime rates;

e)  Whether Defendants failed to pay Plaintiff and Class members all wages owed, including overtime, due to a policy of time shaving.

f)  Whether Defendants provided wage notice, at date of hiring and dates of all wage changes thereafter, to Plaintiff and Class members per requirements of the NYLL

g)  Whether Defendants provided proper wage statements for each pay period to Plaintiff and Class members, and whether those wage statements properly stated

Plaintiff's and Class members' wage and overtime compensation in accordance with the NYLL.

## STATEMENT OF FACTS

*Wage and Hour Claims*

28.     In or around January 2022, Plaintiff DAVIS was hired by Defendants as a cashier at Defendants' restaurant MCDONALD'S, located at 82 Court Street, Brooklyn, NY 11201. Plaintiff's employment was constructively terminated in or around August 3, 2022.

29.     Towards the end of her employment with Defendants, Plaintiff DAVIS was promoted to a manager, in title only. Plaintiff could not hire or fire employees.

30.     From the start of her employment to July 2022, Plaintiff DAVIS worked a schedule of eight (8) hour days, Mondays through Fridays, 9:00 A.M. to 5:00 P.M., for a total of forty (40) hours per week. From July 2022 to August 2022, Plaintiff was scheduled to work Mondays, Tuesdays, and Fridays, 9:00 A.M. to 5:00 P.M., for a total of twenty-four (24) hour per week. FLSA Collective Plaintiffs and Class members worked the same or similar number of hours each week.

31.     Throughout her employment with Defendants, Plaintiff DAVIS was compensated at an hourly rate of fifteen dollars ($15) per hour. Plaintiff was paid weekly by check. FLSA Collective Plaintiffs and Class members were paid the same or similar rates by weekly checks.

32.     Throughout her employment with Defendants, Plaintiff DAVIS was scheduled to finish work at 5:00 P.M. Defendants time shaved Plaintiff because they required Plaintiff to stay one (1) hour longer than her shift. Every time Defendants asked Plaintiff to stay past her scheduled time, Defendants made Plaintiff clock-out, and work off-the-clock. Defendants forced Plaintiff to write a note every day on their scheduling "app" that declared: "I am staying to help out."

Defendants did this to make it seem as if Plaintiff was voluntarily working off-the-clock. As a result, Plaintiff was not paid her corresponding overtime compensation for such time. Plaintiff was time shaved a total of five (5) hours per week. FLSA Collective Plaintiffs and Class members were similarly time shaved because they were required to work off the clock and were not paid overtime compensation for such time.

33.     Throughout her employment with Defendants, Defendants further time shaved because they automatically deducted for meal breaks Plaintiff did not take. Defendants automatically deducted thirty (30) minutes for meal breaks. Plaintiff could not take these breaks four (4) times a week. Plaintiff was required to work through these breaks because the Restaurant to was too busy. Plaintiff was time shaved an additional two (2) hours per week. FLSA Collective Plaintiffs and Class members were similarly time shaved because they were automatically deducted for breaks which they could not take.

34.     In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

35.     Due to Defendants' failure to provide legally mandated notices such as earning

statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class members.

36.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class members their proper wages, including overtime, due to time shaving.

37.     Defendants knowingly and willfully operated their business with a policy of not providing wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

*38.*     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

## *Discrimination Claims*

39.     During Plaintiff's employment by Defendants, Defendants permitted managerial employees to discriminate against Plaintiff.

40.     Plaintiff, who is African American, was regularly the target of racial discrimination by her managers. Specifically, Alexis [LNU], Plaintiff's immediate manager, and Shawana [LNU], Plaintiff's Supervising Manager, regularly referred to Plaintiff as "nigger", "black bitch", or "gay bitch". Alexis [LNU] and Shawana [LNU] spoke to Plaintiff using these derogatory racial slurs, and other slurs, every day during Plaintiff's employment. Plaintiff's managers used these slurs when speaking to Plaintiff regardless of whether Plaintiff was discussing work-related topics with them, or if Plaintiff simply had question for these managers. Sadly, instead of helping, Plaintiff's managers would call her racial slurs.

41.     Plaintiff brought these instances of racial discrimination to the attention of her General Manager, Melinda [LNU], who never failed to act upon these discriminatory actions, despite having the ability to do so.

42.     Plaintiff also informed the Human Resources Representative Katherine [LNU] of the racial discrimination that Plaintiff experienced on a daily basis, and General Manager's failure to take appropriate action. However, Human Resources Representative Katherine [LNU] also did nothing to address the discriminatory treatment that Plaintiff's managers were subjecting her to on a daily basis.

43.     Defendants fostered a hostile work environment and allowed Plaintiff's managers to verbally abuse her on the basis of her race. Because of this, Plaintiff suffered from emotional distress, anxiety and depression, while working for Defendants. This discriminatory treatment culminated with Defendants terminating Plaintiff.

44.     On August 3, 2022, at or around 6:00 P.M., Plaintiff was working, when a customer entered the store with a dog. Plaintiff told this customer that only service dogs were permitted to enter the store. This customer had previously entered the store with a dog on other occasions, and had also been informed that only service dogs were permitted in the store. But this time, the customer responded to Plaintiff: "Shut up you black bitch", and "I'll wait for you outside and fuck you up." Plaintiff was scared because another employee of McDonald's was previously shot in the neck just 2 weeks prior, at another location owned by Defendants, so she instructed her coworkers to complete the customer's order as soon as possible, to get the customer to leave sooner.

45.     From the start of her employment until that day, Plaintiff had not received any complaints from customers about her interaction with them.

46.     Nevertheless, at or around midnight that evening, a Human Resources

representative contacted Plaintiff and instructed her not to return to work, until speaking with the HR representative. Defendants then directed Plaintiff to sign resignation paperwork, despite that Plaintiff never requested to resign and had no intention of doing so. Plaintiff was subsequently terminated for refusal to sign the resignation paperwork, after being the victim of harassment by a customer.

47.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

48.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

49.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

51.      At all relevant times, each Corporate Defendants had gross annual revenues in excess of $500,000.

52.     At all relevant times, Defendants had a policy and practice that failed to pay wages, including overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA

Collective Plaintiffs for all hours worked due to time shaving.

53.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

54.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

55.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

56.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time shaving; plus an equal amount as liquidated damages.

57.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

58.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

59.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

60.     Defendants willfully violated the rights of Plaintiff and Class members by failing

to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due to time shaving.

61.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members wage notice, at date of hiring and annually thereafter, as required under NYLL.

62.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants provided fraudulent wage statements that failed to accurately reflect the number of hours worked and proper compensation of Plaintiff and Class members.

63.     Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants' unpaid wages, including overtime, due to time shaving; reasonable attorneys' fees; liquidated damages; statutory penalties; and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

## <u>VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW</u>

### (New York State Executive Law § 296 *et seq.*)

64.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

65.     The New York State Human Rights Law ("NYSHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of race.

66.     Plaintiff is an employee and qualified persons within the meaning of NYSHRL and

Defendants are covered employers under the NYSHRL. At all relevant times, Plaintiff is African American.

67.     Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment, in the form of failing to address the constant harassment and abuse made against Plaintiff on the basis of his race by her managers and coworkers.

68.     Defendants were on notice of the discriminatory conduct and took no action to resolve it. Specifically, Plaintiff complained to management and human resources about being racially discriminated, but nothing was done, and these activities continued.

69.     Plaintiff's constructive termination after her complaints constituted further discrimination and retaliation in violation of Section 296(7) of the NYSHRL.

70.     Individual Richard G. Larose had control over the terms and conditions of Plaintiff's employment and as such aided, abetted, incited, compelled, and/or coerced the discrimination described herein in violation of Section 296(6) of the NYSHRL.

71.     Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff's protected rights under Section 296 of the NYSHRL.

72.     As a result of Defendants' unlawful discriminatory practices, Plaintiff sustained injury, including past and future physical and emotional distress.

73.     Due to Defendants' violations under the NYSHRL, based on discrimination on the basis of race, Plaintiff is entitled to recover from Defendants: (1) back pay; (2) front pay; (3) compensatory damages; (4) punitive damages; and (5) attorneys fees' and costs.

## COUNT IV

## <u>VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW</u>

74.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

75.     The New York City Human Rights Law ("NYCHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of race.

76.     Defendants have and have had at all relevant times herein, at least four (4) persons in their employ. Plaintiff is an employee and qualified person within the meaning of NYCHRL and Defendants are covered employers under the NYCHRL. At all relevant times, Plaintiff is African American.

77.     Defendants operated a business that discriminated against Plaintiff in violation of the NYCHRL by subjecting Plaintiff to a hostile work environment, in the form of failing to address the constant harassment and abuse made against Plaintiff on the basis of his race by her managers and coworkers

78.     Defendants were on notice of the discriminatory conduct and took no action to resolve it.  Specifically, Plaintiff complained to management and human resources about being racially discriminated, but these activities continued.

79.     Plaintiff's constructive termination after her complaints constituted further discrimination and retaliation in violation of Section 8-107(7) of the NYCHRL.

80.     Individual Defendant Richard G. Larose had control over the terms and conditions of Plaintiff's employment and as such aided, abetted, incited, compelled, and/or coerced the discrimination described herein in violation of Section 8-107(6) of the NYCHRL.

81.     The discrimination described herein occurred with malice and reckless disregard of Plaintiff's rights under the NYCHRL.

82.     As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including past and future physical and emotional distress and the costs of bringing this action.

83.     Due to Defendants' violations under the NYCHRL, as amended, based on discrimination on the basis of race, Plaintiff is entitled to recover from Defendants: (1) back pay; (2) front pay; (3) compensatory damages; (4) punitive damages; and (5) attorneys' fees and costs

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, NYSHRL, and NYCHRL;

b.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid wages, including overtime, due to time shaving due under the FLSA and NYLL;

d.  An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

e.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages for all hours worked pursuant to 29 U.S.C. § 216;

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful

failure to pay proper wages pursuant to the NYLL;

g.   An award of back pay, front pay, punitive damages, and compensatory damages due

under the NYSHRL and NYCHRL;

h.   An award of prejudgment and post judgment interest, costs and expenses of this

action together with reasonable attorneys' and expert fees and statutory penalties;

i.   Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

j.   Designation of this action as a class action pursuant to F.R.C.P. 23;

k.   Designation of Plaintiff as Representative of the Class; and

l.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by

jury on all issues so triable as of right by jury.

Dated: December 9, 2022

Respectfully submitted,

By:   */s/ C.K. Lee*
C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*